IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARWIN MILLER, and ROSE A. MILLER, § § | | |
| Plaintiffs, § § | | |
| v. § | NO.  3:15-CV-0043-M-BK | |
| § | | |
| MICHEAL MILLER, Judge, Probate Court No. 3, et al., § § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On January 7, 2015, Plaintiff Marwin Miller ("Mr. Miller") filed a *pro se* complaint under 42 U.S.C. § 1983, purporting to represent himself and his mother Rose A. Miller ("Mrs. Miller"), also a *pro se* litigant, who was appointed a permanent guardian on October 22, 2014, and is in the custody of Adult Protective Services (APS).  [Doc. 3].  This case was automatically referred to the United States Magistrate Judge.  *See* 28 U.S.C. § 636(b) and *Special Order 3*.  The Court then granted Mr. Miller's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.  For the reasons that follow, this case should be summarily dismissed for want of jurisdiction

**I. BACKGROUND**

This action arises from state probate proceedings.  On October 22, 2014, the Probate Court appointed the Texas Department of Aging and Disability Services as Mrs. Miller's permanent guardian because she is totally incapacitated.  *See In the Matter of Rose Alva Miller, an Incapacitated Person,* No. PR-14-02516-3 (Probate Court No. 3, Dallas County Oct. 22,

2014).[1] On November 24, 2014, Mr. Miller filed two motions for sanctions, challenging the forced removal, isolation, and medication of his mother. The probate court denied the motions on December 23, 2014, concluding that it was in Mrs. Miller's best interest to keep her location confidential as it would otherwise place her in great danger.

Dissatisfied with the probate court decisions, Mr. Miller filed this action on January 7, 2015, seeking the return of his mother because of "[a]buse, neglect, exploitation of an elderly disabled person," and requesting monetary and declaratory relief. [Doc. 3 at 2, 19]. He asserts the following:

> State and federal agents, Police, security, social workers, doctors, administrative and billing, corporate [sic], nurses, Hospitals and all staff that has acted under the color of law with Bad Faith, Conspiracy to deprive civil & constitutional rights, maliciously, corruptly [sic], illegally, perjury erronously [sic], breach of duty, failer [sic] to prevent a conspiracy to deprive Federally Protected Rights including Privacy, physical injury, battery, assault, poisoning, attempted murder, torture, cruel and unusal [sic] punishments, emotional torment, threats, Crimes Against Humanity, slander, fraud of services, court, medical services and billing, Forgery OF government documents, Medical Records, other, Discrimination Of Age, Gender, race, beliefs.

[Doc. 3 at 1-2].

On January 9, 2015, the Court advised Mr. Miller that as a *pro se* litigant he could not represent Mrs. Miller and that he needed to hire an attorney within 21 days or her claims would be dismissed. [Doc. 7]. On January 16, 2015, in response to the Court's order, Mr. Miller filed an *Amended Claim*, naming himself as the sole Plaintiff in this action. [Doc. 9 at 1]. Then, on January 21, 2015, he submitted an *Ex parte Emergency Motion for Injunction, Protection Order for an Elderly Disabled in Imminent Threat to Life*, which District Judge Barbara M.G. Lynn denied the same day. [Doc. 12; Doc. 13].

---

[1] Online docket sheets and documents available on the Dallas County Website.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court must examine the threshold question of whether it has subject-matter jurisdiction. It is an issue of the utmost importance, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *See System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky,* 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Although federal courts unquestionably have jurisdiction over claims under section 1983, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney,* 786 F.2d 688, 691 (5th Cir. 1986). By virtue of the *Rooker-Feldman* doctrine,[2] "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Weekly v. Morrow,* 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar,* 18 F.3d 315, 317 (5th Cir. 1994)). The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall,* 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting *Hale,* 786 F.2d at 691).

Errors in state cases should be reviewed and settled through the state appellate process. *Rooker,* 263 U.S. at 415. The United States Supreme Court, through a writ of certiorari, is the only federal court permitted to review state court decisions. *Weekly,* 204 F.3d at 615.

---

[2] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman,* 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

Here, Mr. Miller's request for compensatory, declaratory and injunctive relief, "stripped to essentials, is an attack" on the probate court's decision to appoint a permanent guardian for Mrs. Miller. *Liedtke,* 18 F.3d at 318. Mr. Miller asserts the probate court and other individuals violated his civil rights in appointing the permanent guardian and in removing his mother from his custody and protection. His allegations, however, require the Court to evaluate the probate court's decision to appoint a guardian, which this Court "may not do." *Feldman*, 460 U.S. at 482 n. 16. Plaintiff's section 1983 action arises from the state probate proceedings and, thus, it is "inextricably intertwined" with the orders filed by the probate court. *Liedtke,* 18 F.3d at 318. Consequently, this action should be dismissed for want of jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(3).

It is further recommended that Rose A. Miller be **TERMINATED** as a Plaintiff in this case in light of the amended pleadings filed by Mr. Miller removing her as a plaintiff.

SIGNED January 26, 2015.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

       A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE